# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARMANDO GUTIERREZ,<br><br>                          Plaintiff,<br>v.<br><br>THE BIG BISCUIT COMPANY, LLC<br><br>And<br><br>BBR OVERLAND PARK, LLC<br>                        Defendants. | **Case No. 2:19-cv-02687-KHV-ADM**<br><br>**JURY TRIAL REQUESTED** |

## AMENDED COMPLAINT

1. Plaintiff Armando Gutierrez states his causes of action against Defendant The Big Biscuit ("Big Biscuit" or "Defendant") as follows:

2. This is an action for disability discrimination. Plaintiff's claims of discrimination arise under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq*. (ADA).

3. Plaintiff worked for Defendant as a server in Overland Park, Kansas. He disclosed a serious health condition, and almost immediately after that disclosure, he was switched to a schedule management knew he could not work and constructively discharged.

4. Plaintiff seeks all available legal and equitable remedies for claims under the ADA including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law.

6. This Court has jurisdiction over Plaintiff's claim because Plaintiff filed a timely Charge of Discrimination with the proper administrative agency and received a Right-to-Sue letter mailed August 29, 2019, and received thereafter.

7. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8. Plaintiff Armando Gutierrez was, at all times relevant to this lawsuit, a resident of Olathe, (Johnson County) Kansas.

9. Defendant The Big Biscuit is a corporation organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Upon information and belief, The Big Biscuit owns and operates The Big Biscuit restaurants in Kansas.

10. Defendant The Big Biscuit is an employer within the meaning of the ADA.

11. Defendant BBR Overland Park, LLC is a corporation organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Upon information and belief, The Big Biscuit owns and operates The Big Biscuit restaurants in Kansas.

12. Defendant BBR Overland Park, LLC is an employer within the meaning of the ADA.

13. Both BBR Overland Park, LLC and The Big Biscuit Company, LLC will be referred to below as "Defendant" or "The Big Biscuit," unless otherwise delineated.

## ADMINISTRATIVE PROCEEDINGS

14. On or about May 13, 2019, Plaintiff filed a timely charge of discrimination against Defendant with the EEOC. A copy of Plaintiff's charge is attached as Exhibit A.

15. On or about August 29, 2919, the EEOC mailed a notice of right to sue pursuant to the ADA Plaintiff, and he received it thereafter. A copy of the Right to Sue Notice is attached as Exhibit B.

16. This action has been filed with this Court within 90 days of Mr. Gutierrez's receipt of the right-to-sue notice of from the EEOC. Mr. Gutierrez has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

17. Plaintiff worked for The Big Biscuit at its restaurant in Overland Park, Kansas as a server for about one year, from December 2, 2017 until he was fired a year later.

18. During his time at The Big Biscuit, Plaintiff did well, and management liked his work.

19. When Plaintiff accepted the job, he explained that, because of family commitments, he would be unable to work on Sundays. Management agreed to those terms, and for the entire year, Plaintiff was not assigned to work on Sundays, and there were no problems.

20. On or about December 17, 2018, Plaintiff learned he was HIV positive. He became very upset at work, and his coworkers noticed his distress.

21. Plaintiff also spoke with his manager about his health, but, wary of the social stigma associated with HIV, Plaintiff told his manager that he had cancer rather than HIV.

22. A few days later, Plaintiff learned he needed to get proof that he did not get health insurance through his employer in order to qualify for a state program to get medications for

HIV. He brought in a paper from the Kansas Ryan White Part B Program for his manager to sign.

23. The following day, he was told, without explanation, that he was being transferred to a different location, and that he would be required to work on Sundays. Plaintiff reminded management of his previous restriction from working on Sundays, and protested the change in his schedule. But management refused to budge.

24. Plaintiff was fired when he said he could not work the new schedule he had been assigned.

### COUNT I—DISABILTY DISCRIMINATION/FAILURE TO ACCOMMODATE

25. Plaintiff incorporates by reference all prior paragraphs as through fully set forth herein.

26. Plaintiff's diagnosis of HIV was either a disabling condition under the ADA or caused Defendant to regard Plaintiff as a disabled individual with a condition that substantially limited his daily life activities.

27. Plaintiff was an otherwise qualified individual able to perform the essential functions her job with or without reasonable accommodations.

28. Defendant was aware of Plaintiff's condition.

29. Almost immediately upon learning of Plaintiff's medical diagnosis, management changed his schedule in such a way that it knew he could not continue to work.

30. Prior to the disclosure of the medical condition, Plaintiff had been given no warning, nor did he have any reason to believe that management could no longer accommodate his request not to work on Sundays.

31. Defendant's treatment of Plaintiff amounted to discrimination in violation of the ADA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that she has been subjected to unlawful discrimination and wrongful termination based on her disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for her costs expended; for his reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all claims in his Complaint that may properly be submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

    Respectfully submitted,

    **DUGAN SCHLOZMAN LLC**

    /s/ *Mark V. Dugan*
    Heather J. Schlozman, KS Bar # 23869
    Mark V. Dugan, KS Bar # 23897
    heather@duganschlozman.com
    mark@duganschlozman.com
    8826 Santa Fe Drive, Suite 307
    Overland Park, Kansas 66212
    Telephone:  (913) 322-3528
    Facsimile:   (913) 904-0213

    **Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 19, 2020, the foregoing was filed with the Court's ECF system, which will send notification to all counsel of record.

                                     /s/ *Mark V. Dugan*